J-S03026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENDALL L. HENRY | |
| Appellant | No. 1685 EDA 2014 |

Appeal from the PCRA Order May 15, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0902321-2006

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and OTT, J.

JUDGMENT ORDER BY PANELLA, J.                    **FILED APRIL 08, 2015**

Appellant, Kendall L. Henry, appeals from the order entered on May 15, 2014, in the Court of Common Pleas of Philadelphia County, that dismissed his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

We direct the reader to the PCRA court's opinion for a detailed recitation of the facts and procedural history of this case. *See* PCRA Court Opinion, 5/15/14, at 1-2. Briefly stated, during an altercation at a neighborhood cookout, Henry shot a man in the back, leaving him unable to walk. A jury convicted him of, among other things, attempted murder. The trial court sentenced Henry to a period of imprisonment and after this Court affirmed the conviction, Henry filed a timely PCRA petition and later, through

counsel, an amended petition. This appeal follows the denial of the amended PCRA petition.

On appeal, Henry first argues that the PCRA court abused its discretion in dismissing the petition without first holding an evidentiary hearing. He then argues that trial counsel was ineffective for failing to file post-sentence motions that the verdict was against the weight of the evidence and for reconsideration of his sentence.

Our scope and standard of review is as follows. We must examine whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *See Commonwealth v. Hall*, 867 A.2d 619, 628 (Pa. Super. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *See Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). Our scope of review is limited by the parameters of the PCRA. *See Commonwealth v. Heilman*, 867 A.2d 542, 544 (Pa. Super. 2005).

We first address the claim that the PCRA court erred in dismissing the petition without holding an evidentiary hearing. We review the PCRA court's refusal to hold an evidentiary hearing for an abuse of discretion. *See Commonwealth v. Simpson*, 66 A.3d 253, 261 (Pa. 2013).

> Where a PCRA petition does not raise a genuine issue[ ] of material fact, the reviewing court is not required to hold an evidentiary hearing on the petition. Thus, to entitle himself to a

hearing, an appellant must raise an issue of fact, which, if resolved in his favor, would justify relief.

*Id*., at 260-261 (citations and internal quotation marks omitted; brackets in original).

Here, neither claim of ineffective assistance of counsel raises a genuine issue of material fact. Henry does not even allege the existence of any such fact in his brief. **See** Appellant's Brief, at 14-15. And the claims of ineffective assistance of trial counsel are patently meritless. We therefore conclude that the PCRA court did not abuse its discretion in dismissing the petition without conducting an evidentiary hearing.

As for Henry's claims of ineffective assistance of trial counsel, we have examined the briefs, the PCRA court's opinion, our standards of review, and the certified record, and find that the PCRA court's well-written opinion, authored by the Honorable Barbara A. McDermott, adequately addresses the claims. We affirm the dismissal of those claims based on that opinion. **See** PCRA Court Opinion, 5/15/14, at 3-8.[1]

_____

[1] Henry's claim that trial counsel was ineffective for failing to raise a weight of the evidence claim is an extraordinarily difficult claim to prove has arguable merit. "A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." **Commonwealth v. Boyd**, 73 A.3d 1269, 1274-1275 (Pa. Super. 2013) (citation and internal quotation marks omitted).

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/8/2015</u>

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    :  CP-51-CR-0902321-2006

         v.                      :                               FILED

KENDELL HENRY               :                        MAY 15 2014

                                        :                   Post Trial Unit

## ORDER AND OPINION

McDermott, J.                                            **May 15, 2014**

### Procedural History

On November 27, 2007, petitioner, Kendell Henry, was found guilty of Aggravated Assault, Attempted Murder, and PIC. On December 26, 2007, the Honorable Anthony Defino sentenced petitioner to a total term of twelve and one half to twenty five years of imprisonment.

On March 16, 2010, the Superior Court of Pennsylvania affirmed petitioner's judgment of sentence, rejecting petitioner's challenges to the sufficiency of the evidence, witness credibility, and prosecutorial misconduct. On November 1, 2010, the Supreme Court of Pennsylvania denied petitioner's Petition for Allowance of Appeal.

On March 25, 2011, petitioner filed a *pro se* Post-Conviction Relief Act (PCRA) petition. On May 16, 2011, petitioner filed a second *pro se* PCRA petition. On October 25, 2012, counsel was appointed to represent petitioner for purposes of his PCRA. On February 19, 2013, PCRA counsel filed an amended petition. On January 28, 2014, the Commonwealth filed a Motion to

Dismiss.[1] On April 11, 2014, after argument, this Court filed a Notice pursuant Pennsylvania Rule of Criminal Procedure 907 of its intent to dismiss without a hearing.

## Facts

The Superior Court of Pennsylvania recounted the facts of this case as follows:

> Appellant's convictions rest on the following evidence. On May 29, 2006, sisters Shalnee and Shakita Cook were walking along the 2300 block of Bambrey Terrace in South Philadelphia when a car stopped nearby. Several females exited the car and began to physically attack the Cook sisters. The incident was motivated by a fight that occurred the previous day between the children of two of the women. When the altercation erupted, Daheem White, Shakita's boyfriend and the father of her child, was around the corner at the home of Shakita's mother, Michelle. He was alerted to the attack and ran to its location. He saw a girl holding a butcher knife, and he grabbed her wrist to stop her from using it.
>
> Appellant, who was standing nearby, told Mr. White not to touch the girl. Appellant then reached into his clothing and retrieved a gun. When Mr. White saw the weapon, he started to run in an attempt to hide behind a nearby car. Mr. White tripped over a curb and fell. When Mr. White was facedown on the ground, Appellant shot him in the back saying, "I am tired of this s___." N.T. Trial, 11/28/07, at 108.
>
> At trial, Appellant was identified as the shooter by Mr. White, who was familiar with Appellant from the neighborhood. Michelle Cook, the Cook sisters' mother, testified that she saw Appellant "[p]ull his gun and shoot" Mr. White twice in the back from a distance of four to six feet while the victim was "laying [facedown] on the ground." Id. at 102, 103. Shalnee saw Appellant reach into his jacket and retrieve a gun but did not see the actual shooting. Both Michelle and Shalnee knew appellant, who lived in the neighborhood, by name.
>
> Mr. White was transported to the hospital, where he underwent multiple surgeries. He remains unable to walk due to his injuries. A nine millimeter gun was used in the shooting, and when police executed a search warrant at Appellant's home, they discovered two boxes of nine millimeter bullets in his bedroom closet." *Commonwealth v. Henry*, 375 EDA 2008 (Pa. Super. March 16, 2010)(non-precedential decision).

---

[1] On February 7, 2014, the present matter was assigned to this Court. This Court has no explanation as to why the Commonwealth took nearly a year to file a response to petitioner's amended petition.

Issues

A PCRA petition must be filed within one year of the date that the judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

On November 1, 2010, the Supreme Court of Pennsylvania denied petitioner's Petition for Allowance of Appeal. Consequently, petitioner's conviction became final on January 30, 2011 and on March 25, 2011, petitioner filed a timely *pro se* PCRA petition.

In his amended petition, counsel raises two issues regarding trial counsel's ineffectiveness: 1) failing to a file post-trial Motion alleging that the verdict was against the weight of the evidence, and 2) failing to file a Motion to Reconsider Sentence. Counsel also addresses two issues raised by petitioner in his *pro se* petition that counsel, after independent review of the record, explains are without merit.

To warrant relief based on a claim of ineffective assistance of counsel, a petitioner must show that such ineffectiveness "in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Jones*, 912 A.2d 268, 278 (Pa. 2006); 42 Pa.C.S. § 9543(a)(2)(ii). Counsel is presumed to have rendered effective assistance. *Commonwealth v. Weiss*, 81 A.3d 767, 783 (Pa. 2013)(*citing Commonwealth v. Sepulveda*, 55 A.3d 1108, 1117 (Pa. 2012)).

To overcome the presumption, the petitioner has to satisfy the performance and prejudice test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The Supreme Court of Pennsylvania has applied the *Strickland* test by looking to three elements, whether: (1) the

3

underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner has shown that he suffered prejudice as a result of counsel's lapse, *i.e.,* that there is a reasonable probability that the result of the proceeding would have been different. *Commonwealth v. Bennett,* 57 A.3d 1185, 1195-96 (Pa. 2012)(*citing Commonwealth v. Pierce,* 527 A.2d 973, 975 (Pa. 1987). If a claim fails under any necessary element of the *Strickland* test, the court may proceed to that element first. *Bennett,* 57 A.3d at 1195-96. Counsel will not be deemed ineffective for failing to raise a meritless claim. *Jones,* 912 A.2d at 278 (*citing Commonwealth v. Darrick Hall,* 701 A.2d 190, 203 (Pa. 1997)). In the present case, none of the claims presented is of arguable merit.

Petitioner alleges that trial counsel was ineffective for failing to file a post verdict motion challenging the weight of the evidence. Petitioner argues that the evidence was against the weight of the evidence because there was evidence the victim had a gun and the only witnesses that implicated petitioner were family members of the victim.

An allegation that the verdict is against the weight of the evidence is addressed to the sound discretion of the trial court. *Commonwealth v. Widmer,* 744 A.2d 745, 751-752 (Pa. 2000); *Commonwealth v. Dupre,* 866 A.2d 1089, 1101 (Pa. Super. 2005). The factfinder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. *Commonwealth v. Diggs,* 949 A.2d 873, 879 (Pa. 2008). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. *Commonwealth v. Clay,* 64 A.3d 1049, 1055 (Pa. 2013)(*citing Widmer,* 744 A.2d at 752).

The Superior Court has explained that the test is whether the evidence is "so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v.*

4

*Sullivan*, 820 A.2d 795, 806 (Pa. Super. 2003). For one to prevail on a challenge of the weight of the evidence, the jury's verdict must be so contrary to the evidence as to shock one's sense of justice. *Id.* (*citing Commonwealth v. Goodwine*, 692 A.2d 233, 236 (Pa. Super. 1997)).

In *Commonwealth v. Luster*, 71 A.3d 1029, 1049 (Pa. Super. 2013) *appeal denied*, 83 A.3d 414 (Pa. 2013), the Superior Court affirmed the PCRA court's dismissal of appellant's allegation that trial counsel was ineffective for failing to raise a challenge to the weight of the evidence where the petitioner was convicted of Murder after beating a woman and leaving her on a highway, where she was subsequently run over. The PCRA court determined that even if the claim had been raised, it would have found that "the jury's verdict was not so contrary to the evidence as to shock one's sense of justice" and that it "would *not* have granted a new trial on a weight of the evidence argument." *Id.* (*citing* PCRA Court Opinion, 2/28/11, at 4–5 (emphasis supplied)).

Here, even if trial counsel had raised a challenge to the weight of the evidence, both this Court and the trial court would have denied such a challenge. Petitioner argues that the evidence identifying the petitioner as the shooter was unreliable. Three eyewitnesses, Daheem White, Shalnee Cook, and Michelle Cook all identified the petitioner as the shooter. Daheem White, the victim in this case, testified that during the fight, he saw the defendant, whom he knew from the neighborhood, take out a gun from his pocket. N.T. 11/28/2007 at 59-60. White turned to run and was immediately shot. *Id.* Michelle Cook identified the petitioner as the shooter from a photo array at the police district hours after the incident, at the preliminary hearing, and at trial. *Id.* at 102, 111-112, 116, 117. Shalnee Cook gave a formal statement to police after the incident in which she identified the petitioner as the person she saw shoot White. *Id.* at 149, 152. At trial, she retreated from her unequivocal identification and said that she saw the petitioner pull out a

5

gun and immediately heard gunshots. While she did not see petitioner actually shoot White she assumed he had. *Id.* at 141-142, 151.

The physical evidence presented in this case corroborated the Commonwealth's witnesses' testimony that the petitioner was the shooter. Detective Thorsten Lucke recovered two nine millimeter fired cartridge cases from the scene of the incident. N.T. 11/28/2007 at 184. Pursuant a search warrant, Detective Lucke searched the defendant's home and recovered two boxes of nine millimeter ammunition in the defendant's bedroom. *Id.* at 206. Police Officer Leonard Johnson, an expert in ballistics and firearms identification, testified that the two fired cartridge cases recovered from the scene was similar to the ammunition recovered from the defendant's bedroom in that they were all made by Federal Manufacturer and they were all nine millimeter caliber. N.T. 11/28/2007 at 211; N.T. 11/29/2007 at 19, 27-30.

The evidence presented at trial on behalf of petitioner does not outweigh the three eyewitnesses' testimony. While petitioner presented four witnesses who were allegedly present when White was shot, none of them saw the shooter. Lionel Frager is petitioner's sole witness who claims petitioner was not the shooter, while the other witnesses were focused on the actions of White. N.T. 11/29/2007 at 87, 94, 98. Although Frager stated that petitioner did not shoot White, he conveniently did not see who the actual shooter was. Further, Frager confirmed that petitioner was at the scene of the shooting. This testimony does not outweigh the testimony of three eyewitnesses who unequivocally identified the petitioner as the shooter.

Petitioner also argues that the evidence was against the weight of the evidence because there was evidence White had a gun. Two witnesses presented on behalf of petitioner testified that White had a gun during the fight. N.T. 11/28/2007 at 61, 70. A third witness testified that he

6

observed an unidentified man take a gun off of White after he had been shot and run away. *Id.* at 127.

Even if the jury accepted the testimony of these three witnesses and concluded that White had a gun on the night he was shot, such testimony does not require a different result. Petitioner did not argue that he acted in self-defense or in defense of others, a defense that would require petitioner to admit that he was the shooter. Instead, petitioner asserted his innocence. Thus, the fact that White had a gun, if true, does not negate petitioner's specific intent to kill when he shot White in the back. This claim is meritless.

The petitioner claims that trial counsel was ineffective for failing to file a Motion to Reconsider Sentence arguing that the court did not take into consideration the petitioner's rehabilitative needs. "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002)(citations omitted). On appeal, a sentencing court will not be found to have abused its discretion unless the record reveals that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. *Id.* 42 Pa.C.S. § 9721(b) specifies that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."

The sentencing court acknowledged that petitioner suffered from a personality disorder and ordered that upon release the petitioner be supervised by the mental health unit. N.T. 12/26/2007 at 15-18. The Court recognized the specific rehabilitative challenges the petitioner had and fashioned his sentence accordingly. In this case, the Sentencing Guidelines suggested a

7

sentence of ninety months to the statutory limit, plus or minus twelve months for the charge of Attempted Murder. N.T. 12/26/2007 at 2; Deadly Weapon Used Sentencing Matrix, 204 Pa. Code § 303.18. Under 42 Pa.C.S. § 9712, petitioner was subject to a mandatory minimum sentence of five years of confinement for committing crime of violence with a firearm. The Commonwealth asked for a sentence of twenty to forty years of imprisonment, the statutory maximum. N.T. 12/26/2007 at 12. The trial court sentenced petitioner to a standard guideline sentence of ten to twenty years of imprisonment for the Attempted Murder conviction. The trial court also sentenced the petitioner to a consecutive term of imprisonment of two and a half years to five years for the PIC conviction. This sentence was within the statutory maximum.[2] 18 Pa.C.S. § 1104.

The trial court imposed a total sentence of twelve and a half years to twenty five years of imprisonment. The trial court took into account the petitioner's mental health evaluation and sentenced the petitioner to a sentence much lighter than the Commonwealth's recommendation of twenty to forty years of incarceration. *Id.* at 12, 14-15. This sentence was consistent with applicable mandatory minimum sentence and well below the statutory maximum and the Commonwealth's recommendation. Accordingly, this Court sees no reason, nor does the petitioner provide a reason, that the trial court should have had to reconsider its already modest sentence. This claim is meritless.

---

[2] This Court recognizes that the sentence imposed for PIC was a departure from the Sentencing Guidelines for which the sentencing court did not state specific reasons on the record. While a sentencing court is required to place its reasons for a sentence on the record, the failure to do so does not make the sentence imposed an illegal one. *Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa. Super. 2007). It is clear that the sentencing court considered the Sentencing Guidelines in addition to all relevant sentencing factors. N.T. 12/26/2007 at 2; *Commonwealth v. Pennington*, 751 A.2d 212, 217 (Pa. Super. 2000)(citation omitted)(Where pre-sentence reports exist, Pennsylvania courts presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors).

Petitioner in his *pro se* petition raised two additional issues, a prosecutorial misconduct claim and a perjury claim, which PCRA counsel believes are without merit. Petitioner alleges the following:

> The prosecutor's closing remarks (involving snitches) when interpreted properly infected the jury's deliberations. They had a substantial influence on the outcome of the trial. The proceeding, which resulted in an unlawful conviction, was so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crime. The trial court did not consider the merits of the case. Petitioner would have been acquitted but for prosecutorial misconduct and the cumulative effect of multiple errors.

As PCRA counsel explained in his pleading and this Court, after its independent review of the record, agrees the above claim was presented to the Superior Court of Pennsylvania on direct appeal. On direct appeal, petitioner alleged prosecutorial misconduct for the exact remark regarding snitches made in the prosecutor's closing argument that petitioner is challenging here. *See Commonwealth v. Henry*, 375 EDA 2008 (Pa. Super. March 16, 2010)(non-precedential decision). Under 42 Pa.C.S. § 9543(a)(3), petitioner must prove by a preponderance of the evidence that the issue has not been previously litigated or waived. This issue has been previously litigated; thus, this Court agrees with PCRA counsel's assessment that this issue is without merit.

Petitioner also alleges that "[t]he witnesses for the prosecution committed perjury, and perjury is a crime. False testimony is grounds for a reversal and a conviction based upon false evidence cannot stand and must be overturned."

The credibility of the witnesses has been presented by PCRA counsel in challenging the weight of the evidence and was addressed by the Superior Court of Pennsylvania on direct appeal, when the petitioner challenged witnesses' credibility because they were related to the

victim. *See Commonwealth v. Henry*, 375 EDA 2008 (Pa. Super. March 16, 2010)(non-precedential decision). Petitioner has not provided PCRA counsel or this Court with proof that any witnesses committed perjury. A PCRA petition must include facts supporting petition and the place in the record where they appear; to extent they do not appear in record, petition must include affidavits, documents, and other evidence showing such facts. Pa.R.Crim.P. 902(A)12 and (D). This claim is without merit.

In his second *pro se* petition, petitioner alleges multiple issues that go to the weight of the evidence and the sufficiency of the evidence supporting the petitioner's convictions. While not addressed by PCRA counsel, this Court, though its independent review, finds these claims meritless. Petitioner also alleges that "[j]ury instructions are suppose[d] to come from the judge not the prosecutor. The prosecutor's remarks were instructions to the jury to bring back a guilty verdict and thereby deprive[] the defendant of a fai[r] trial." This Court has already dismissed the argument that the petitioner's convictions were against the weight of the evidence *supra*. The Superior Court found the evidence was sufficient to support petitioner's convictions. *See Commonwealth v. Henry*, 375 EDA 2008 (Pa. Super. March 16, 2010)(non-precedential decision). This claim has been previously litigated and does not merit relief. Finally, this Court finds no error in the prosecutor suggesting to the jury that it convict the petitioner.

The petition does not meet the requirements of an ineffective assistance of counsel claim and does not merit substantive relief under the Post-Conviction Relief Act. For the foregoing reasons, the petition is dismissed.

BY THE COURT,

Barbara A. McDermott, J.

10